UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA             CRIMINAL NO. 96-cr-50061(01)

VERSUS                               JUDGE WALTER

CHARLES ANTHONY                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

In 1997, Defendant Charles Anthony was sentenced by this court to serve 48 months in prison and to pay restitution of $3,500 to 247 victims of his crime, for a total of $864,650 in criminal restitution.  Doc. 65.  In connection with the Government's attempts to collect restitution from Defendant, the Government issued a writ of garnishment to Transamerica Occidental Life Insurance Company.  The garnishment concerns a whole life insurance policy purchased by Defendant in 1987.  The beneficiary of the policy is Defendant's spouse. Two weeks after Defendant was sentenced and ordered to pay restitution, Defendant transferred the ownership of the policy to his wife.

Upon receipt of the Government's request for garnishment of the policy, Defendant filed a pro se Motion for Hearing. Doc. 90.  (None of the exemptions checked by Defendant on the pre-printed form have anything to do with garnishment of a life insurance policy.) Counsel eventually enrolled for Defendant (Doc. 98), and a briefing schedule was entered. Doc. 101.  The sole issue before the court is whether the life insurance policy is subject to garnishment by the Government to satisfy part of Defendant's restitution obligation.  It is

undisputed that the insurance policy is a community property asset that was purchased by Defendant with community funds.

Defendant attacks the garnishment on several grounds.  Defendant argues that he is not the owner of the policy.  He also argues that life insurance is *sui generis* in Louisiana, and he has no community property interest in the proceeds.  Defendant also argues that up to $35,000 of the cash value of life insurance is exempt from garnishment under Louisiana law.

Defendant's objections to the garnishment of his community property interest in the life insurance policy should be overruled.  The provisions of 18 U.S.C. § 3613(a) provide that the Government may enforce a judgment imposing a fine or restitution against the property of the Defendant with the exception of a few exemptions found in 28 U.S.C. § 6334. Most importantly, Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets.  Accordingly, state law exemptions that might otherwise be applicable to insurance policies, retirement accounts, and the like are not relevant in this case. See, e.g., United States v. Banks, 2013 WL 357823 (N.D. Tex.)(restitution orders are enforceable to the same extent as a tax lien; federal courts permit garnishment of community property, including retirement accounts, to satisfy a restitution order despite state law exemptions); United States v. Salinski, 194 F.3d 1315 (6th Cir. 1999)(state exemptions are not applicable to garnishment of life insurance policies for criminal restitution); United States v. Minnemam, 38 Fed. Appx. 321 (7th Cir. 2002)(the only exemptions applicable to a criminal restitution debt are certain tax levy exemptions which do not include life insurance

policies); <u>United States v. Castanon</u>, 2012 WL 1432554 (D. N.J.)(cash value of policy is subject to restitution order; no hearing necessary because life insurance policy is not subject to any valid exemptions); <u>United States v. Burt</u>, 2010 WL 3475954 (E.D. Mich.)(life insurance policies are not exempt; state law is preempted); <u>United States v. Tischendorf</u>, 2011 WL 2413346 (N.D. Tex.)(state laws do not apply to a federal garnishment proceeding to collect a criminal restitution judgment); and <u>United States v. Urso</u>, 2009 WL 2999521 (N.D. Tex.)(state community property laws do not protect spouse's wages from garnishment; court ordered restitution is like a federal tax lien).

The life insurance policy was purchased during Defendant's community property regime with community property funds.  It does not matter that Defendant transferred ownership of the policy to his wife.  The cash value of the policy is still community property. The Government is entitled to proceed with its garnishment to apply Defendant's one-half interest in the cash value of the policy to Defendant's restitution obligation.

Accordingly,

**IT IS RECOMMENDED** that Defendant's objection to the garnishment of his one-half interest in the life insurance policy be overruled.  The pending Motion for Hearing (Doc. 90) should be denied as moot.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE